IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHRISTINE STOCKSTILL** | § | **PLAINTIFF** |
| | § | |
| v. | § | CIVIL NO. 1:13cv188-HSO-RHW |
| | § | |
| **ROBERT WEATHERSBY III;** | § | **DEFENDANTS** |
| **STATE FARM LIFE INSURANCE** | § | |
| **COMPANY, INC.; and JOHN** | § | |
| **DOES 1-5** | § | |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND**

BEFORE THE COURT is Plaintiff Christine Stockstill's Motion to Remand [9] arguing that the Court should remand this action because her Complaint is not preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. Defendants Robert Weathersby III and State Farm Life Insurance Company, Inc. oppose [14] Plaintiff's Motion contending that removal was proper because each of Plaintiff's state law claims are subject to and governed by ERISA. Having considered the parties' submissions, the record, and relevant legal authority, the Court is of the opinion that Plaintiff's Motion to Remand should be denied.

I. BACKGROUND

A. Factual Background

According to the Complaint, Defendant Robert Weathersby III ("Weathersby") is a licensed agent with Defendant State Farm Life Insurance Company ("State Farm"). Compl. 2 [1-1]. Plaintiff Christine Stockstill ("Plaintiff")

1

was hired by Weathersby in 2005 as an insurance agent for State Farm. *Id*. In consideration for her services as an employee, Weathersby compensated Plaintiff with salary and benefits, including a $25,000 life insurance policy which was issued by State Farm to Plaintiff on August 19, 2011 ("the Policy"). *Id*. at 2-3. Plaintiff alleges the Policy was paid for by Weathersby and/or State Farm and listed Plaintiff as the named insured with her daughter as the beneficiary. *Id*., Ex. 1 [1-1].

On December 12, 2012, Plaintiff submitted her notice to Weathersby that she would be resigning her employment in two weeks. *Id*. at 3. On December 28, 2012, Weathersby met with Plaintiff and asked her to sign an undated, typewritten resignation statement. *Id*. Plaintiff claims that when she objected to signing the statement, Weathersby demanded that Plaintiff not only sign the resignation statement but also assign the Policy to him. *Id*. Weathersby represented that company policy required all employees to sign their life insurance policies over to Weathersby upon resignation of employment and that every other employee who resigned had complied with this company policy. *Id*. According to Plaintiff, she executed the assignment under duress and coercion, and the Policy was assigned to Weathersby. *Id*. After executing the assignment, Plaintiff learned that a former employee who had previously resigned was able to retain her life insurance policy. *Id*. at 4. Plaintiff attempted to confront Weathersby about this revelation, but her efforts were unfruitful. *Id*.

On December 31, 2012, after she had left Weathersby's employment, Plaintiff contacted State Farm to request that the Policy be placed back in her name. *Id*.

2

Plaintiff contends that the State Farm agent she spoke with assured Plaintiff that she would send her a form to execute which would place the Policy back in Plaintiff's name. *Id.* When she did not receive the form, Plaintiff again contacted State Farm but the representative told her that "the situation . . . had been taken care of" by State Farm. *Id.* Plaintiff was unable to obtain confirmation of the purported resolution, and when Plaintiff contacted State Farm a third time, she claims that she was reassured that the Policy had been transferred back into her name. *Id.* On January 4, 2013, however, Plaintiff received correspondence from State Farm informing her that Weathersby was the only owner of the Policy. *Id.*

B.   Procedural History

Stockstill sued Weathersby and State Farm in the Circuit Court of Pearl River County, Mississippi, on March 18, 2013. *Id.* at 1. As to Weathersby, Stockstill pleads claims for intentional misrepresentation, intentional infliction of emotional distress, and tortious interference with contract. *Id.* at 5, 8-9. With respect to State Farm, Stockstill asserts claims for intentional misrepresentation, intentional infliction of emotional distress, and breach of the duty of good faith and fair dealing.[1] *Id.* Stockstill advances claims for conversion, unjust enrichment, and common law fraud against Weathersby and State Farm jointly. *Id.* at 5-7. Stockstill also seeks rescission of the assignment of the Policy to Weathersby and claims that her assignment of the Policy to Weathersby was both procedurally and substantively unconscionable. *Id.* at 7-8.

---

[1] Stockstill's intentional misrepresentation and intentional infliction of emotional distress claims against State Farm also include negligent misrepresentation and negligent infliction of emotional distress as alternative theories. Compl. 5.

Defendants removed the case to this Court on April 22, 2013.  Notice of Removal 1.  Defendants' removal was premised on federal question jurisdiction under ERISA, 29 U.S.C. § 1132(a)(1)(B).  *Id*. at 2. Defendants maintain that ERISA preempts each of Plaintiff's state law claims and is the sole source of any remedy which may be available to Plaintiff.  *Id*. at 3.

Plaintiff has moved to remand the case to the state court contending that her claims neither address an area of exclusive federal concern nor directly affect the relationships among traditional ERISA entities.  Mem. in Supp. of Mot. to Remand 6-9 [10].  Plaintiff reasons that her claims are not preempted under controlling precedent of the United States Court of Appeals for the Fifth Circuit.  *Id*. at 6-9. Plaintiff posits that her claims are not preempted because they do not involve the administration of an ERISA plan and maintains that, even if some of her claims are preempted by ERISA, her claims for fraud, misrepresentation, and conversion arise from Weathersby's conduct rather than from the terms of the Policy such that there is no "complete preemption."  *Id*. at 11-12.[2]

Weathersby contends that the Policy was part of "a broader employee benefit package" consisting of group medical, dental, and vision plans.  Def. Robert E. Weathersby III's Mem. in Opp'n to Pl.'s Mot. to Remand 1 [14].  Weathersby points out that his agency paid the premiums for the Policy and that the agency's practice was to have employees assign the ownership of their life insurance policy to the agency upon termination of employment.  *Id*. at 1-2.  The essence of each of

---

[2] Plaintiff does not contest whether the Policy constitutes or is part of an ERISA benefit plan as such plans are defined by prevailing legal authority.

4

Plaintiff's claims, according to Weathersby, is "[Plaintiff's] alleged right to take [the Policy] with her at termination and that [he] fraudulently misrepresented that [Plaintiff] was required to assign ownership of [the Policy] to him[.]" *Id*. at 2. Weathersby maintains that these are "classic point[s]" of federal concern mandating preemption under the appropriate test applied by the Fifth Circuit. *Id*. at 7, 9. Weathersby thus reasons that each of Plaintiff's claims are completely preempted by ERISA and removal was proper. *Id*. at 3, 9.

Plaintiff asserts in rebuttal that the essence of her claims is Weathersby's alleged violation of an independent legal duty that he owed to her. Pl.'s Reply to Def. Robert Weathersby III's Resp. to Mot. to Remand, 3 [15]. Plaintiff argues that her claims implicate neither the interpretation nor the administration of the plan, and that preemption is not appropriate because all of her claims arise from Weathersby's conduct rather than the administration of an ERISA benefit plan. *Id*. at 2-4.

## II. DISCUSSION

A.    Federal Question Jurisdiction and the Doctrine of Preemption

"A federal court only has original or removal jurisdiction if the federal question appears on the face of the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). The doctrine of complete preemption serves as an exception to the rule requiring a federal court's original jurisdiction to appear on the face of a plaintiff's well-pleaded

5

complaint. *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 773 (5th Cir. 2003). Complete preemption creates federal question jurisdiction and provides a basis for removal. *Palermo v. Letourneau Technologies, Inc.*, 542 F. Supp. 2d 499, 509 (S.D. Miss. 2008). When a plaintiff seeks remand, the defendant must "demonstrate a substantial federal claim, e.g., one completely preempted by ERISA[.]" *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999). "Once the court has proper removal jurisdiction over a federal claim, it may exercise supplemental jurisdiction over [accompanying] state law claims . . . ." *Id*. (citing 28 U.S.C. § 1367).

Where a state court cause of action seeks the same relief available under ERISA's civil enforcement provision, Section 502(a)(1), 29 U.S.C. § 1132(a), the action is deemed completely preempted and is removable to federal court. *Giles*, 172 F.3d at 336-37 (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64-65 (1987)). Section 502(a)(1) allows a participant or beneficiary of an ERISA-regulated plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B). The related doctrine of conflict preemption "arises when a federal law conflicts with state law, thus providing a federal defense to a state law claim, but does not completely preempt the field of state law[.]" *Arana v. Ochsner Health Plan*, 338 F.3d 433, 439 (5th Cir. 2003) (citations omitted). Conflict preemption takes place where a state law cause of action merely "relates to" to an ERISA plan as provided

6

for in ERISA Section 514(a), 29 U.S.C. § 1144(a), and does not create federal question jurisdiction. *Giles*, 172 F.3d at 337 (citations omitted); *Tigner v. Lea C. Paslay Ins., Inc.*, 575 F. Supp. 2d 766, 773-74 (N.D. Miss. 2008) (citations omitted). "[O]nly complete preemption of a claim under ERISA [Section] 502(a) is required for removal jurisdiction; conflict preemption under ERISA [Section] 514 is not required." *Arana*, 338 F.3d at 440.

B.  Analysis

Courts apply a two-pronged test when inquiring into whether ERISA completely preempts a state law cause of action. Preemption occurs where "(1) [t]he state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship among traditional ERISA entities-the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 432 (5th Cir. 2004). Defendants bear the burden of proof on both prongs. *Bank of Louisiana v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 242 (5th Cir. 2006).

1. Plaintiff's Common Law Fraud Claim

In circumstances analogous to those presented by Plaintiff's Complaint, the Fifth Circuit concluded that a plaintiff's state law claim for fraud was preempted. *Chidester v. Quoyeser*, 41 F.3d 664, 1994 WL 685015, at *3 (5th Cir. 1994) (not selected for publication). In *Chidester*, the plaintiff became pregnant shortly before her employer informed her that she was being laid off. *Id.* at *1. The employer

informed the plaintiff, however, that it was extending the plaintiff's health benefits past her last day of work. *Id*. The plaintiff gave birth after her employment had ceased. *Id*. When the plaintiff's child was approximately four months old, the plaintiff's former employer informed her that it was terminating her health benefits. *Id*. The plaintiff objected, and her former employer forged the plaintiff's signature on a cancellation of benefits form and forwarded the form to the plan insurer, Franklin Life Insurance Company ("Franklin"). *Id*. The plaintiff sued both her former employer and Franklin advancing fraud and misrepresentation claims. *Id*. In affirming the district court's conclusion that these claims were preempted by ERISA, the Fifth Circuit noted

> the alleged fraud against [the plaintiff] involve[d] the principal ERISA entities: . . . her employer; Franklin, the plan fiduciaries; an ERISA-regulated plan; and herself, the beneficiary of an ERISA-regulated plan. The alleged fraud occurred at a time when [the plaintiff] was fully covered by the Plan and involved a document related to the administration of that plan.

*Id*. at *3.

Also persuasive is the Fifth Circuit's decision in *McGowin v. ManPower Intern., Inc.*, 363 F.3d 556, 559 (5th Cir. 2004). There, the plaintiff was employed by a third party employment service, ManPower, to work on a job operated by ExxonMobil. *Id*. at 558. The plaintiff executed an acknowledgement form that she was employed by ManPower, she reported ManPower as her employer on her income tax returns, and she received her paychecks from ManPower. *Id*. After ManPower terminated her, the plaintiff sued ManPower and ExxonMobil alleging age discrimination, intentional infliction of emotional distress, fraud, and

conspiracy, all in connection with an alleged refusal to pay ERISA benefits. *Id.* The plaintiff's theory was that ExxonMobil "falsely informed her that she was not an employee of ExxonMobil and was not entitled to its employee benefits." *Id.* ManPower and ExxonMobil removed the case to federal court and moved for summary judgment on the basis that the plaintiff's claims were completely preempted by ERISA. *Id.*

In affirming the district court's conclusion that the plaintiff's claims were completely preempted, the Fifth Circuit observed that the fraud and conspiracy claims sought damages "that amount to loss of retirement benefits, profit sharing benefits, yearly bonuses and medical health care" in addition to other benefits that ExxonMobil's employees receive. *Id.* at 559. "[A] court could not find fraudulent ExxonMobil's representations that [the plaintiff was] not eligible for benefits without first . . . clarifying her right to benefits under the plan." *Id.* The court concluded that while the plaintiff characterized her claims as sounding in common law fraud, the plaintiff was in essence seeking a determination of her eligibility for benefits under an ERISA-governed plan, which amounted to relief specifically provided for by Section 502(a)(1)(B). *Id.*

Looking to the claims Plaintiff asserts in this case, the Court is of the view that Plaintiff's claim for common law fraud is completely preempted by ERISA because the claim "addresses an area of exclusive federal concern" and "directly affects the relationship among traditional ERISA entities[.]" *Mayeaux*, 376 F.3d at 432. Plaintiff's claim is at bottom one premised on her right to receive benefits

under an ERISA plan, and it directly affects the relationship among traditional ERISA entities. *Id*.

Plaintiff asserts that Weathersby fraudulently represented to her that she had to assign her life insurance policy to him and that she suffered damages in the form of lost benefits afforded by her life insurance policy. Compl. 6-7, 9. As in *McGowin*, this Court cannot evaluate whether Weathersby's alleged representation was fraudulent "without first determining whether the statement [was] truthful, i.e. without clarifying [Plaintiff's] right to benefits under the plan[,]" which is relief specifically provided by Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). *McGowin*, 363 F.3d at 559. In addition, like the scenario in *Chidester*, the fraud Plaintiff alleges involved "the principal ERISA entities[,]" a plan that the parties do not contest was an ERISA-regulated employee benefit plan, Weathersby (the employer), State Farm (the plan fiduciary), and Plaintiff (the plan beneficiary). *See Chidester*, 1994 WL 685015, at *3. Based on the foregoing, the Court is persuaded that Plaintiff's common law fraud claim is completely preempted by ERISA.

2. <u>Plaintiff's Conversion Claim</u>

As alleged in the Complaint, Plaintiff's conversion claim involves "the principal ERISA entities" because it centers around an employee benefit plan undisputedly regulated by ERISA, a plan beneficiary (Plaintiff), an employer (Weathersby), and the plan fiduciary which accepted the allegedly invalid assignment (State Farm). Compl. 2-3, 5. The conversion claim "addresses . . . [Plaintiff's] right to receive benefits under the plan" because it seeks the benefits of

10

the life insurance policy that Plaintiff claims was converted.  *Mayeaux*, 376 F.3d at 432; *see also* Compl. 9 ("Plaintiff requests . . . [r]eassignment of ownership and all benefits in and from [Plaintiff's] State Farm Life Insurance Policy . . . to [Plaintiff] . . . .").  The Court is thus of the opinion that Plaintiff's conversion claim is also completely preempted by ERISA.  *Dorn v. Int'l Bhd. of Elec. Workers, Inc.*, 211 F.3d 938, 948 (5th Cir. 2000) (finding that state law claim of conversion was preempted under ERISA because the claim addressed plaintiff's right to receive benefits under the terms of an ERISA plan); *Sanford v. TIAA-CREF Individual & Institutional Servs., LLC*, No. 2:11cv122-KS-MTP, 2012 WL 627994, at *3 (S.D. Miss. Feb. 24, 2012) (holding that conversion claim predicated on plan fiduciary's acceptance of an allegedly invalid change of beneficiary form was completely preempted because claim concerned "the right to receive benefits under the terms of an ERISA plan" and involved the traditional ERISA entities); *Franks v. Prudential Health Care Plan, Inc.*, 164 F. Supp. 2d 865, 873 (W.D. Tex. 2001) (concluding that claim for "wrongful conversion" was completely preempted because the claim was an "attempt to enforce purported rights under the plan" and thus was within the scope of relief afforded by ERISA Section 502(a)(1)).

Having concluded that Plaintiff's claims for common law fraud and conversion are completely preempted, this Court has federal question jurisdiction over those claims and may exercise supplemental jurisdiction over any other claims which may not be completely preempted.[3]  *See Giles*, 172 F.3d at 337 (citing 28

---

[3] The Court does not decide at this time whether each and every other claim advanced by Plaintiff is pre-empted and nothing contained in this Order should be construed as a suggestion that any of the

11

U.S.C. § 1367) *and Palermo*, 542 F. Supp. 2d at 509.  For this reason, Plaintiff's Motion to Remand should be denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Christine Stockstill's Motion to Remand is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 31st day of March, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

remaining claims are or are not subject to complete preemption.  The Court is only concerned at this stage of the case with determining whether federal question jurisdiction exists over at least one claim.